# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05CV347-C

| | |
|---|---|
| GEORGE COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| STEPHANIE ROZYCKI, and ) | |
| WACHOVIA CORPORATION ) | |
| OF NORTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" (document #23) and "Brief in Support ..." (document #24), both filed November 7, 2005; and the Plaintiff's "Response to ... Motion to Dismiss" (document #26) and "Brief ..." (document #27), both filed November 17, 2005. On November 29, 2005, the Defendants filed their "Reply ..." (document #28).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On August 4, 2005, the pro se Plaintiff filed his Complaint alleging that because of his race, which he described as "Native American," the Defendants, Wachovia Corporation of North Carolina

and Stephanie Rozycki, a Wachovia employee, refused to open a corporate banking account for CooperMarks, Inc., a corporation of which Plaintiff allegedly is President and majority shareholder. The Plaintiff seeks $100 million in damages and equitable relief pursuant to 42 U.S.C. §§ 1983 and 1985 and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II").[1]

On September 21, 2005, the Plaintiff filed a Return of Service (document #7) indicating that the Defendants had been served with a Summons and copy of the Complaint on September 12, 2005. Accordingly, and assuming that service was, in fact, properly made, the Defendants' Answer or other response to the Complaint was initially due on October 3, 2005.

On September 29, 2005, the Defendants moved for an extension of time to file an Answer or otherwise respond to the Complaint to October 24, 2005, which the undersigned granted by an "Order" filed the same day. See documents ##8 and 9.

Notwithstanding the extension, on October 7 and 11, 2005, the Plaintiff filed identical Motions for Default Judgment against Defendant Rozycki.

On October 19, 2005, the Defendants filed their first Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and later the same day, filed an Amended Motion to Dismiss, contending, among other things, that the Defendants are not "state officials" under § 1983, that a business and its employee are not considered separate "persons" for the purposes of establishing a conspiracy under §1985, and that the Defendant bank is not a "public accommodation" under Title II.

---

[1] As the Defendants state in their briefs, the Plaintiff has committed numerous procedural errors: he has initiated this action in his individual capacity rather than as an officer and shareholder of CooperMarks, Inc., "Wachovia Corporation of North Carolina" is not a legal entity, Defendant Rozycki's name was misspelled in the Summons ("Kozycki"), and copies of the Summons and Complaint (or Amended Complaint) were not properly served on the Defendants. However, because, as discussed below, even construing the pro se Plaintiff's "inartful pleading" liberally, he has failed to state a claim upon which relief can be granted, the undersigned has not considered these procedural shortcomings, which a party proceeding pro se should otherwise have been afforded an opportunity to correct.

On October 24, 2005, the Plaintiff filed his "Amended Complaint" (document #16), but again only pled claims under 42 U.S.C. §§ 1983 and 1985 and Title II, as well as filed his Responses to the Defendants' Motions to Dismiss.

On October 25, 2005, the Plaintiff filed a Motion for Default Judgment against Wachovia.

On November 2, 2005, the Defendants filed their Motion to Strike the Plaintiff's Responses, conceding that following the filing of the Amended Complaint, their Motions to Dismiss should be denied as moot, and that for the same reason, the Plaintiff's Responses to those Motions should be stricken. See Document #20 at 2.

On November 4, 2005, the undersigned <u>denied</u> the Defendants' Motion to Strike, and recommended to the District Judge to whom this case is assigned that Plaintiff's Motions for Default Judgment and the Defendants' Motions to Dismiss be <u>denied</u>. See "Memorandum and Recommendation and Order" (document #22). Said Recommendations are pending before the District Judge (the Honorable Robert J. Conrad, Jr.).

On November 7, 2005, the Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint, stating the same grounds for dismissal discussed above.

In his Response, the Plaintiff states that Wachovia should be considered a "public accommodation" because it maintains a bank branch at the Park Road Shopping Center in Charlotte, North Carolina, which apparently is the branch where the Plaintiff applied to open an account. See Document #26 at 2.

The Defendants' Motion to Dismiss has been fully briefed and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

### A. Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines

v. Kerner, 404 U.S. 519, 520 (1972) (instructing court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

### B. Section § 1983 Claim

In this case, even taking the limited allegations of the pro se Amended Complaint as entirely true, and construing every possible inference therefrom in the Plaintiff's favor, his § 1983 claim against private, non-governmental Defendants must be dismissed. It is well settled that § 1983 addresses violations of a plaintiff's rights by government officials. Accord American Mfrs. Inc. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (in equal protection case, plaintiff entitled to relief, if any, only as to actions taken by government officials); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 619 (1991) ("constitutional guarantees ... do not apply to the actions of private entities"); and Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341 (4th Cir. 2000) ("constitutional guarantees ... do not apply to actions of private entities").

Moreover, the Fourth Circuit Court of Appeals has held that a bank's actions are not governmental action by a state official for purposes of § 1983 claims. Andrews v. Federal Home Loan Bank, 998 F.2d 214, 219 (4th Cir. 1993) (bank "does not perform a function that has been traditionally and exclusively reserved to the sovereign, and we cannot regard its conduct as state action").

For these reasons, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted as to the Plaintiff's § 1983 claim.

5

### C. Section § 1985 Claim

In order to establish a "conspiracy to deny equal protection of the laws" under § 1985, a plaintiff must prove:

> (1) a conspiracy of <u>two or more persons</u>, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

<u>Simmons v. Poe</u>, 47 F.3d 1370, 1376 (4th Cir. 1995) (emphasis added).

Although taking the Complaint as true, the Plaintiff has pled that the Defendants conspired to discriminate against him based on his race, where as here, the alleged co-conspirators are employer and employee, the intracorporate immunity doctrine mandates dismissal, that is, for § 1985 conspiracy purposes, an employer and employee are one person. <u>See, e.g.,</u> <u>Buschi v. Kirven</u>, 775 F.2d 1240, 1251 (4th Cir. 1985) (applying intracorporate immunity doctrine to § 1985 claim); <u>Baines v. Masiello</u>, 288 F.Supp.2d 376, 394 (W.D.N.Y. 2003) (dismissing § 1985 claim based on intracorporate immunity doctrine); <u>and</u> <u>Turner v. Randolph County</u>, 912 F.Supp. 182, 186 (M.D.N.C. 1995) ("the acts of a corporate agent are deemed to be the acts of the corporation ... since a conspiracy requires two entities, logic dictates that it is impossible for a corporation to conspire with itself").

For these reasons, the undersigned will respectfully recommend that the Plaintiff's § 1985 claim be <u>dismissed</u> as well.

### D. Title II Claim

42 U.S.C. § 2000a(a) provides that "[a]ll persons shall be entitled to the full and equal

enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."

42 U.S.C. § 2000a(b) defines "public accommodation" as:

(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests ... (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station; (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and (4) any establishment which is physically located within the premises of any establishment otherwise covered by this subsection.

There is no published authority in any circuit considering whether a bank is a "public accommodation" within the meaning of Title II.[2] As the Defendants point out in their briefs, however, the courts that have considered whether to expand Title II "public accommodation" status to establishments other than those listed in § 2000a(b) have decided those issues in the negative. See, e.g., Cuevas v. Sdrales, 344 F.2d 1019, 1021 (10th Cir. 1965) (noting "[m]any business establishments were not included within the scope of [42 U.S.C. § 2000a]"), cert. denied, 382 U.S. 1014 (1966); and Halton v. Great Clips, Inc., 94 F.Supp.2d 856, 862 (N.D. Ohio 2000) (holding hair salon in shopping center not public accommodation under 42 U.S.C § 2000a, noting "if Congress wanted to include, within the meaning of the statute, other types of establishments such as a service establishment, it could have amended Title II; after all, Congress had over three decades to do so").

---

[2] Although recognizing that unpublished district court decisions have no precedential value, the undersigned notes that the two district courts to consider the issue have held that a bank is not a Title II public accommodation. See Wilson v. Harding, 1999 WL 203458, *2 (D.Kan. 1999) ("[d]efendants, a bank and two of its employees, clearly are not covered by [Title II]"); Terry v. Lasalle Nat'l Bank, 1985 WL 4242, *3 (N.D.Ill. 1985) (dismissing Title II claims against bank).

7

In Halton, the court expressly rejected the argument that the Plaintiff presents herein, that is, that although other establishments located in the mall, such as restaurants, were undoubtedly public accommodations, their presence did not bring the disputed establishment within Title II's coverage. 94 F.Supp.2d at 863 (covered "premises" under 42 U.S.C. § 2000a is space rented by the defendant, not "an entire shopping center or mall where the party has no control over who the other tenants may be and whether the other tenants will operate covered establishments," concluding that any other reading would bring every establishment in any mall or shopping center within the statute's purview, which Congress clearly did not intend).

For the same reasons, the Court concludes that neither the Defendant Wachovia Corporation generally nor its branch at the Park Road Shopping Center is a "public accommodation" under 42 U.S.C. 2000a(b), and will therefore also respectfully recommend that the Defendants' Motion to Dismiss also be granted as to the Plaintiff's Title II claim.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" (document #23) be **GRANTED** and that the Amended Complaint be **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

**Signed: December 1, 2005**

_____
Carl Horn, III
United States Magistrate Judge